UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TONYA DAY-JEFFERSON, SHAREE H.
FITZGERALD, and BRITTANY
HUBBARD,

                Cross-Claimants,

    -against-                                      1:21-CV-0705 (LEK/DJS)

SANDRA ELLA WILLIAMSON,

                Cross-Defendant.

## MEMORANDUM-DECISION AND ORDER

Plaintiff Primerica Life Insurance Company ("Primerica") brought this interpleader action under 28 U.S.C. § 1335, seeking, among other forms of relief, discharge from all liability in connection with a life-insurance policy ("Policy") that it issued to Warren A. Jefferson ("Decedent") in 1995. Following Decedent's death in 2020, four parties asserted entitlement to all or part of the Policy's proceeds: Defendant Sandra Ella Williamson; Defendant Tonya Day-Jefferson, Decedent's ex-wife; Defendant Sharee H. Fitzgerald, Decedent's daughter; and Defendant Brittany Hubbard, Decedent's daughter. Williamson moved for summary judgment against the other Defendants, claiming that, as the Policy's sole beneficiary, she is entitled to all of its proceeds. Day-Jefferson, Fitzgerald, and Hubbard cross-claimed against Williamson for fraud; and then cross-moved for summary judgment against her, claiming that they are entitled to the Policy's proceeds because Williamson obtained her beneficiary designation through forgery. For the following reasons, the Court denies Williamson's Motion for Summary Judgment with prejudice and the Cross-Motion for Summary Judgment without prejudice to renewal after all parties have had a reasonable opportunity to conduct discovery.

## I.  BACKGROUND

### A. Factual Background

The following facts are undisputed unless otherwise noted. While a resident of Virginia, Decedent applied for and was issued the Policy with an effective date of February 28, 1995, which provided $150,000 in coverage on his life. Dkt. No. 1 ("Complaint") ¶ 9; Dkt. No. 1-1 ("Compl. Ex. A"). In the original application for the Policy, Decedent designated Day-Jefferson, his then-wife, as sole primary beneficiary of the Policy's death benefit. Compl. ¶ 10. Nearly twenty-three years later, on September 13, 2017, Decedent designated the following individuals as co-primary beneficiaries in the amounts indicated: (a) Day-Jefferson, wife, $100,000; (b) Fitzgerald, daughter, $25,000; and (c) Hubbard, daughter, $25,000. Id. ¶ 11; Dkt. No. 1-2 ("Compl. Ex. B"). Day-Jefferson and Decedent divorced in Maryland on July 2, 2018. Id. ¶ 12.

Primerica received a Multipurpose Change Form dated April 26, 2019, where Decedent appeared to designate Williamson, his "caregiver," as sole primary beneficiary of the $150,000 death benefit ("Death Benefit") under the Policy. Id. ¶ 13; Dkt. No. 1-3 ("Compl. Ex. C"); see also Dkt. No. 19 ("Related Defendants' Answer and Cross-Claim") ¶ 13 (denying that the "Multipurpose Change Form was [actually] completed [and signed] by" Decedent). Williamson "help[ed] [Decedent] complete the top portion of the form[.]" Dkt. No. 9 ("Williamson's Answer") ¶ 21; Rel. Defs.' Answer & Cross-cl. ¶ 13. Decedent's ongoing "battle with Multiple Sclerosis" did not "change" his signature from at least September 2017 through February 2020, Rel. Defs.' Answer & Cross-cl. ¶ 58 (citing Wlmsn.'s Answer ¶ 20), but Defendants dispute whether Decedent was the one who actually "signed and turned the form into Primerica." Wlmsn.'s Answer ¶ 21; Rel. Defs.' Answer & Cross-cl. ¶ 59. The following year, Decedent died on December 15, 2020. Compl. ¶ 14; Dkt. No. 1-4 ("Compl. Ex. D").

As a result of his death, the Death Benefit became due to the beneficiary or beneficiaries entitled to receive it. Compl. ¶ 15. By letter dated December 28, 2020, faxed to Primerica the following day, Hubbard contested the validity of the April 26, 2019, Multipurpose Change Form, alleging that the document was fraudulently completed. Id. ¶ 16; Dkt. No. 1-5 ("Compl. Ex. E"). A week later, on January 5, 2021, Williamson asserted a claim to the Death Benefit by filling out a Claimant's Statement Form. Dkt. No. 1-6 ("Compl. Ex. F"). She indicated therein to Primerica that (1) she was Decedent's "fiancée," and that (2) non-party Stephen Williamson was his "son." Id. Day-Jefferson, Fitzgerald, and Hubbard dispute both assertions. Rel. Defs.' Answer & Cross-cl. ¶¶ 64, 70. More than a month later, on February 19, 2021, Day-Jefferson and Fitzgerald emailed Primerica to contest the validity of the designation of Williamson as sole beneficiary, alleging that the document and designation therein were fraudulent. Compl. ¶ 18; Dkt. No. 1-7 ("Compl. Ex. G"); Dkt. No. 19-4 ("Rel. Defs.' Answer & Cross-cl., Ex. D").

The only fact in dispute regarding the competing claims to the Death Benefit is whether Decedent's signature on the April 26, 2019, Multipurpose Change Form, is forged.[1] If it is, as Day-Jefferson, Fitzgerald, and Hubbard contend, see Rel. Defs.' Answer & Cross-cl. ¶¶ 13, 26, 59, 72, then the Death Benefit is payable to those three Defendants pursuant to the valid designation from September 13, 2017. However, if Williamson is correct in claiming she did not forge the signature, Dkt. No. 25 ("Williamson's Cross-Claim Answer") ¶ 3, and it is in fact Decedent's, Wlmsn.'s Answer ¶ 18, then she is entitled to receive the Death Benefit.[2]

---

[1] Other disputed facts may be relevant to the state-law fraud Cross-Claim that Day-Jefferson, Fitzgerald, and Hubbard have brought against Williamson. See infra Part II.B.2.b.

[2] Day-Jefferson, Fitzgerald, and Hubbard have not challenged the April 26, 2019, beneficiary designation on any ground other than Williamson's fraud or forgery. See generally Rel. Defs.' Answer & Cross-cl. For instance, no party disputes that Decedent "was of sound mind and competent" on April 26, 2019. Wlmsn.'s Answer ¶ 22; Rel. Defs.' Answer & Cross-cl. ¶ 42.

B. **Procedural History**

Aware of Defendants' competing claims, Primerica filed its Complaint on June 15, 2021, seeking, among other forms of relief, discharge from all liability in connection with the Policy. Compl. at 5. Summons were issued to Defendants the next day. Dkt. No. 2. Primerica sent all Defendants waivers of the service of summons. See Dkt. Nos. 5–8. Williamson returned an executed version of the waiver on June 28, 2021. Dkt. No. 5. Hubbard returned an executed version on July 13, 2021. Dkt. No. 6. Fitzgerald and Day-Jefferson returned theirs on July 21, 2021. Dkt. Nos. 7–8. On August 13, 2021, Williamson answered the Complaint. Wlmsn.'s Answer. Upon receipt, the Court issued a pro se notice, and mailed Williamson the Pro Se Handbook and the Local Rules of Practice for the Northern District of New York. Dkt. No. 10.

On September 16, 2021, Williamson moved for summary judgment, but failed to include a statement of material facts as required by Local Rule 56.1(a) (formerly L.R. 7.1(a)(3)). See Dkt. No. 11. Day-Jefferson, Fitzgerald, and Hubbard then requested a thirty-day extension of time to file a response. Dkt. No. 12. On October 4, 2021, counsel appeared on their behalf and requested a similar extension, Dkt. No. 14, which Williamson opposed, Dkt. No. 15. The Court ordered Day-Jefferson, Fitzgerald, and Hubbard to answer the Complaint and to respond to Williamson's Motion for Summary Judgment by November 5, 2021. Dkt. No. 16.

On October 8, 2021, Primerica responded to Williamson's Motion for Summary Judgment and cross-moved for interpleader relief. Dkt. No. 17 ("Motion for Interpleader Relief"). On November 4, 2021, Day-Jefferson, Fitzgerald, and Hubbard answered the Complaint, Rel. Defs.' Answer & Cross-cl. ¶¶ 1–24, and cross-claimed against Williamson for fraud. Id. ¶¶ 57–78. The next day, Jefferson, Fitzgerald, and Hubbard (collectively, "Cross-Claimants") responded to Williamson's Motion for Summary Judgment and cross-moved for

summary judgment in their favor in the same filing. Dkt. No. 20 ("Cross-Motion"). They failed to include a statement of material facts in support of the Cross-Motion, see id., while arguing in their memorandum of law that Williamson's Motion for Summary Judgment should be denied for the same failure, Dkt. No. 20-5 ("Cross-Motion Memorandum") at 1. The Cross-Claimants did not respond to Primerica's Motion for Interpleader Relief except to argue against its "request for attorney's fees." Id. at 1, 5–7. Williamson then obtained counsel and requested an extension of time to respond to the Cross-Claim and the Cross-Motion by November 30, 2021, Dkt. No. 22, which the Court granted, Dkt. No. 23.

On November 24, 2021, Primerica and all Defendants jointly requested an order, pursuant to Federal Rules of Civil Procedure 22 and 67, (1) directing Primerica to distribute the Death Benefit plus applicable interest to the Clerk of the Court; (2) directing the Clerk to deposit the proceeds into an interest-bearing account; (3) discharging Primerica from any and all liability to Defendants relating to the Policy; (4) permanently enjoining Defendants from prosecuting claims against Primerica relating to the Policy; (5) directing Defendants to forever disclaim all rights against Primerica relating to the Policy; and (6) dismissing Primerica from the action with prejudice, "and without fees or costs to any party."[3] Dkt. No. 24 ("Joint Motion for Interpleader Deposit") at 1–2. Five days later, Williamson filed her answer to the Cross-Claim, Dkt. No. 25 ("Cross-Claim Answer"), and her response to the Cross-Motion, Dkt. No. 26 ("Cross-Motion Response"). On December 8, 2021, the Court granted the Joint Motion for Interpleader Deposit and dismissed Primerica from this action. Dkt. No. 27.

---

[3] This moots Primerica's request to recover its attorneys' fees and costs from Defendants.

## II.    DISCUSSION

Primerica brought this action pursuant to the federal interpleader statute, 28 U.S.C. § 1335.[4] An "interpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." Fid. Brokerage Servs., LLC v. Bank of China, 192 F. Supp. 2d 173, 177 (S.D.N.Y. 2002). After a court determines that the interpleader action is appropriate and discharges a plaintiff from liability, as happened here, Dkt. No. 27 (terminating Primerica from the action), a court then "adjudicates the claims among the remaining adverse parties." Metro. Life Ins. Co. v. Mitchell, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013) (citations omitted); see also N.Y. Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 (2d Cir.1983).

### A.    Choice of Law

In federal interpleader actions where jurisdiction is based on diversity of citizenship, like the present action, courts apply the choice-of-law rules of the forum state. See Griffin v. McCoach, 313 U.S. 498, 503 (1941); Skandia Am. Reins. Corp. v. Schenck, 441 F. Supp. 715, 722–23 (S.D.N.Y. 1977); Union Cent. Life Ins. Co., No. 10-CV-8408, 2012 WL 4217795, at *8 n.11 (applying the forum state's choice-of-law rules in an interpleader action under 28 U.S.C. § 1335). Here, that state is New York.

Although "New York courts will generally enforce a choice-of-law clause so long as the chosen law bears a reasonable relationship to the parties or the transaction," Ergowerx Int'l, LLC v. Maxell Corp. of Am., 18 F. Supp. 3d 430, 439 n.5 (S.D.N.Y. Apr. 23, 2014) (internal

---

[4] The federal interpleader statute only requires minimal diversity between the claimants, State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530–31 (1967), which is satisfied here because Williamson is a citizen of New York, and Day-Jefferson, Fitzgerald, and Hubbard are citizens of Virginia. Compl. ¶¶ 2–5, 7.

quotation marks omitted), no Defendant has pointed to such a clause in the Policy, a copy of which Primerica attached to its Complaint. Compl. Ex. A. The Court is unable to locate such a clause in the Policy. See id. But "even when the parties include a choice-of-law clause in their contract, their conduct during litigation may indicate assent to the application of another state's law." Cargill, Inc. v. Charles Kowsky Res., Inc., 949 F.2d 51, 55 (2d Cir. 1991). "Such conduct indicating the parties' consent to a given state's substantive law can consist of the cases cited and relied upon by the parties in their briefs . . . ." Digital Camera Int'l Ltd. v. Antebi, No. 11-CV-1823, 2014 WL 940723, at *3 (E.D.N.Y. Mar. 11, 2014) (internal quotation marks omitted); see also Arch Ins. Co. v. Precision Stone, Inc., 584 F.3d 33, 39 (2d Cir. 2009) ("The parties' briefs assume that New York substantive law governs the issues presented here, and such implied consent is, of course, sufficient to establish the applicable choice of law." (alterations and internal quotation marks omitted)). Such conduct may also consist of the parties' "apparent decision not to raise the choice-of-law issue." Antebi, 2014 WL 940723, at *3 (internal quotation marks omitted); see also Li & Fung (Trading) Ltd. v. Contemporary Streetwear, LLC, No. 11-CV-2022, 2013 WL 3757080, at *5 n.4 (S.D.N.Y. June 6, 2013) ("Plaintiff's [submissions] are entirely silent on the issue of choice of law. Defendants are also silent on the subject. Under the circumstances, it is appropriate for the Court to apply New York law—the law of the forum state—to Plaintiff's . . . claims."), rep. rec. adopted, 2013 WL 3744119 (S.D.N.Y. June 28, 2013).

In their papers, Defendants fail to cite to any law regarding forgery and its effect on a contractual beneficiary designation.[5] See generally Wlmsn.'s Answer; Mot. Summ. J.; Rel.

---

[5] The parties cited to New York and Maryland criminal law, Rel. Defs.' Answer & Cross-cl. ¶ 69, Maryland divorce law, Cross-Mot. Mem. at 8–9, and federal pension law, Mot. Summ. J. ¶ 17, none of which is directly relevant to evaluating forgery and its effect on a contract.

Defs.' Answer & Cross-cl.; Cross-Mot. Mem. This failure favors application of the law of the forum state, New York. Cf. Lenard v. Design Studio, 889 F. Supp. 2d 518, 528 n.5 (S.D.N.Y. 2012) (applying the law of the forum state where the plaintiff cited no law in her default judgment submissions and the defendants did not file any response). In addition, all Defendants have cited to New York state law regarding a cause of action for fraud. Mot. Summ. J. ¶ 13; Cross-Mot. Mem. at 2–4. While legally distinct from an interpleader claim to contested property, this reliance on New York law in the fraud context also indicates the parties' assent to New York law as governing their competing claims to the contested Death Benefit. Consequently, the Court will apply New York law to adjudicate the challenged insurance beneficiary designation, as well as the Cross-Claim for fraud.

    **B. Summary Judgment**

Summary judgment shall be granted where the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 123–24 (2d Cir. 2014). "On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of City of N.Y., 746 F.3d 538, 544 (2d Cir. 2014) (internal quotation marks omitted). At summary judgment, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted). Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." Geneva Pharm. Tech. Corp. v. Barr Labs. Inc., 386 F.3d 485, 495 (2d Cir. 2004) (internal quotation marks omitted) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986)).

"In determining whether summary judgment is appropriate," a court must "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant." Brod, 653 F.3d at 164 (internal quotation marks omitted). Additionally, "[i]t is the movant's burden to show that no genuine factual dispute exists." Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). "However, when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim," in which case "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP, 735 F.3d 114, 123 (2d Cir. 2013) (alterations and internal quotation marks omitted). Further, "[t]o survive a [summary judgment] motion . . . [a non-movant] need[s] to create more than a metaphysical possibility that his allegations were correct; he need[s] to come forward with specific facts showing that there is a genuine issue for trial," Wrobel v. Cnty. of Erie, 692 F.3d 22, 30 (2d Cir. 2012) (internal quotation marks and emphasis omitted) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986)), and "may not merely rest on the allegations or denials of his pleading[.]" Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," then:

> [T]he court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the

> motion; (2) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). Local Rule 56.1(a) also requires "[a]ny motion for summary judgment [to] contain a separate Statement of Material Facts[,]" and warns that "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." L.R. 56.1(a) (emphasis in original). However, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted).

   *1. Williamson's Motion for Summary Judgment*

Williamson has moved for summary judgment, claiming that, as the Policy's sole beneficiary, she is entitled to all of its proceeds. Day-Jefferson, Fitzgerald, and Hubbard oppose the Motion, arguing, among other things, that (1) Williamson's Motion should be denied because she failed to "include a Statement of Material Facts" in support of the Motion, Cross-Mot. Mem. at 1, and that (2) Curt Baggett, a handwriting expert, has "conclude[d] that the questioned item was not authored by [Decedent]," id. at 3.

"Under New York law, a forgery renders a contract, such as an insurance beneficiary designation, unenforceable." Metro. Life Ins. Co. v. Giscombe, No. 19-CV-4463, 2022 WL 2467066, at *7 (E.D.N.Y. Jan. 21, 2022) (citing Beckwith v. Beckwith, 952 N.Y.S.2d 796, 797 (N.Y. App. Div. 2012)), rep. rec. adopted, 2022 WL 2704572 (E.D.N.Y. July 12, 2022). When determining whether a document has been forged, "identification of handwriting is to be determined by the trier of fact," and thus, "an assertion that a signature was forged cannot ordinarily be resolved on summary judgment." Feehan v. Feehan, No. 09-CV-7016, 2010 WL 3734082, at *9 (S.D.N.Y. July 26, 2010) (alterations and internal quotation marks omitted), rep.

rec. adopted, 2010 WL 3734079 (S.D.N.Y. Sept. 22, 2010). However, a court may grant summary judgment if the "party contesting the signature's validity [does not] submit sufficient evidence to allow a reasonable juror to conclude that those arguments have merit." Id.

In New York, "[s]omething more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature." TD Bank, N.A. v. Piccolo Mondo 21st Century, Inc., 949 N.Y.S.2d 444, 446 (N.Y. App. Div. 2012). A third party's assertion of forgery is insufficient. See Banco Popular N. Am. v. Victory Taxi Mgmt., Inc., 1 N.Y.3d 381, 384 (N.Y. 2004). Additionally, while expert testimony is not required to create an issue of fact regarding signature authenticity, see TD Bank, 949 N.Y.S.2d at 446, other courts have given significant weight to expert testimony, or the lack thereof. See Ladner v. City of New York, 20 F. Supp. 2d 509, 516–17 (E.D.N.Y. 1998) (granting summary judgment where plaintiffs did "not proffer[] a handwriting expert, but merely express[ed] their own lay opinions that the" signatures were identical and stating that the court reviewed the signatures and could find no similarity), aff'd, 181 F.3d 83 (2d Cir. 1999).

Williamson has failed "to show initially the absence of a genuine issue concerning [the] material fact" of forgery. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). After she filed her Motion for Summary Judgment, Williamson has since conceded that (1) she has not yet "gather[ed] the necessary evidence to prove [her] case[,]" and that (2) there is a triable "question of [material] fact—that is, whether "[D]ecedent sign[ed] the insurance form designating Sandra Ella Williamson as the beneficiary." Cross-Mot. Resp. ¶¶ 4–9 (emphasis removed).

Accordingly, the Court denies Williamson's Motion for Summary Judgment on the claim that she is entitled to the Policy's proceeds. The denial is with prejudice because Williamson has conceded there is a triable "question of [material] fact." Id.

    2. *Cross-Motion for Summary Judgment*

        a.  <u>Claim to the Policy's Proceeds</u>

In responding to Williamson's Motion, Day-Jefferson, Fitzgerald, and Hubbard also cross-moved for summary judgment in their favor, claiming that they are entitled to the Policy's proceeds because Williamson obtained her beneficiary designation through forgery. They failed to include a statement of material facts in support of the Cross-Motion, even though they urged this Court to deny Williamson's Motion for the same failure. Cross-Mot. Mem. at 1.

To support their Cross-Motion, Day-Jefferson, Fitzgerald, and Hubbard rely in part on the report of a handwriting expert, Curt Baggett, which they submitted as an attachment to their Answer. Dkt. No. 19-1 ("Rel. Defs.' Answer & Cross-cl., Ex. A"). After "examin[ing] four . . . documents with the known signatures of [Decedent]" and a copy of the April 26, 2019, Multipurpose Change Form, Baggett concluded that "[s]omeone did indeed forge the signature of [Decedent] on the questioned document[.]" <u>Id.</u> at 1. He reached this conclusion "[b]ased upon thorough analysis of the [aforementioned] items, and from an application of accepted forensic document examination tools, principles and techniques[.]" <u>Id.</u>

In response to the Cross-Motion, Williamson acknowledges that the moving parties have "offer[ed] an alleged expert bolstering their claim" that the signature is forged. Cross-Mot. Resp. ¶ 5. But instead of arguing against its admissibility or submitting other evidence to contest its findings, she instead "requests the opportunity to cross examine the alleged [handwriting] expert" and "a reasonable time to obtain her own expert." <u>Id.</u> ¶¶ 6–7. Since Williamson "fail[ed] to properly address [the other] part[ies'] assertion of" forgery, the Court has the discretion to give her "an opportunity to properly . . . address" it. Fed. R. Civ. P. 56(e)(1). Given her express request for "reasonable time to obtain her own expert," Cross-Mot. Resp. ¶ 7, and the Court's

12

preference for resolving disputes on the merits, the Court chooses to grant her that "opportunity." Fed. R. Civ. P. 56(e)(1).

Accordingly, the Court denies the Cross-Motion for Summary Judgment on the claim that Day-Jefferson, Fitzgerald, and Hubbard are entitled to the Policy's proceeds. The denial is without prejudice and with leave to renew after all parties have had a reasonable opportunity to conduct discovery. In denying the Cross-Motion, the Court expresses no opinion on the admissibility of the expert report of Curt Baggett. Rel. Defs.' Answer & Cross-cl., Ex. A.

### b. State-Law Fraud Claim

Day-Jefferson, Fitzgerald, and Hubbard also brought a Cross-Claim for fraud against Williamson, primarily as a mechanism for recovering the fees and costs incurred in this litigation, Cross-Mot. Mem. at 4–5, and have moved for summary judgment on that claim.[6] In doing so, they correctly articulate the elements of fraud under New York law, which are "representation of a material existing fact, falsity, scienter, deception and injury." Id. at 2 (citing New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308 (N.Y. 1995)). But then they proceed to argue why they have adequately *pleaded* fraud, see Cross-Mot. Mem. at 3–4, not why they are entitled to summary judgment. They acknowledge that they "cannot yet say what the amount of their damages may be," id. at 4, which necessarily precludes this Court from presently entering any award of damages. Moreover, since this Court has, for now, denied summary judgment on the claims to the Death Benefit precisely because of the unresolved issue of forgery, the Cross-Claimants have necessarily failed to show they are entitled to summary judgment on the "falsity" element of their fraud Cross-Claim. Accordingly, the Court denies the Cross-Motion for

---

[6] Any motion for attorney's fees and costs is premature, as judgment has not been entered, no party has prevailed, and no party has provided a fair estimate of such fees and costs. See Fed. R. Civ. P. 54(d)(1), (2).

Summary Judgment on the claim that Williamson is liable for fraud without prejudice. Since Williamson has not moved to dismiss the Cross-Claim for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), the Court expresses no opinion on whether the Cross-Claimants adequately pleaded it.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Williamson's Motion for Summary Judgment on the claim she is entitled to the Policy's proceeds, Dkt. No. 11, is **DENIED with prejudice**; and it is further

**ORDERED**, that Day-Jefferson, Fitzgerald, and Hubbard's Cross-Motion for Summary Judgment on the claim they are entitled to the Policy's proceeds, Dkt. No. 20, is **DENIED without prejudice** and **with leave to renew** after all parties have had a reasonable opportunity to conduct discovery; and it is further

**ORDERED**, that Day-Jefferson, Fitzgerald, and Hubbard's Cross-Motion for Summary Judgment on the claim that Williamson is liable for fraud, Dkt. No. 20, is **DENIED without prejudice** and **with leave to renew** after all parties have had a reasonable opportunity to conduct discovery; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 20, 2022
         Albany, New York

LAWRENCE E. KAHN
United States District Judge